[Cite as *State v. Perez*, 2017-Ohio-409.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-15-053

　　　　Appellee                                 Trial Court No. 2015CR0104

v.

Jesse Perez                                      **DECISION AND JUDGMENT**

　　　　Appellant                                Decided:  February 3, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, David T. Harold
and Martha S. Schultes, Assistant Prosecuting Attorneys, for appellee.

Michael D. Bahner, for appellant.

* * * * *

**OSOWIK, J.**

**{¶ 1}** This is an appeal from a judgment of the Wood County Court of Common

Pleas that found appellant guilty of one count of intimidation of an attorney, victim or

witness in a criminal case in violation of R.C. 2921.04(A).  For the following reasons, the

judgment of the trial court is affirmed.

**{¶ 2}** On March 19, 2015, appellant was indicted on two counts of intimidation of an attorney, victim or witness, felonies of the third degree, in violation of R.C. 2912.04(B)(1). Both offenses were alleged to have occurred while appellant was incarcerated awaiting trial for attempted felonious assault, disrupting public services and aggravated trespass arising from alleged domestic violence against his wife in June 2014. His wife was the alleged victim in the instant case as well. Appellant eventually was acquitted of the assault charges but remained incarcerated on the instant charges which arose from the content of phone calls between appellant and his wife that were recorded while appellant was in jail awaiting his first trial. Trial on the instant case was held on August 3 and 4, 2015. The jury acquitted appellant of the most serious charges but he was convicted of the lesser included offense in Count 2 of the indictment pursuant to R.C. 2921.04(A), which is a misdemeanor of the first degree. On August 12, 2015, appellant was sentenced to a term of incarceration of six months. The sentence was suspended and appellant was placed on probation for five years.

**{¶ 3}** Appellant now sets forth the following assignments of error:

I. The trial court improperly concluded there was sufficient evidence to support appellant's convictions for intimidation of a victim.

II. Appellant's convictions were against the manifest weight of the evidence.

**{¶ 4}** Appellant's two assignments of error are interrelated and will be considered together.

2.

{¶ 5} This court has thoroughly reviewed the evidence before the trier of fact. The state first presented the testimony of Wood County Sheriff's Detective Sergeant Ginny Barta, who frequently monitored jail phone calls, including many of the calls appellant made to his wife from the Wood County Jail between February 27 and March 17, 2015, while he was awaiting trial on the first case. Each time recorded calls were played for the jury, Barta identified the voices as those of appellant and his wife. Barta testified that appellant made hundreds, possibly thousands, of calls to his wife and that Barta listened to many of them, although not all. Barta made copies of some of the calls which she then forwarded to the prosecutor's office for further action. The detective further testified that the wife was not cooperative with her attempts to contact the wife with regard to the calls. When Barta spoke with the wife with regard to the original case, the wife told Barta she would never cooperate in any way that would send appellant back to jail. The recorded calls were admitted into evidence at appellant's trial in this case. Barta testified as to language she heard appellant use when talking to his wife, including such statements as, "Burn in hell, bitch," "I swear to God, if I make it out I am putting a needle in your arm," and "I ain't got to beat your ass, bitch; I can put the needle in your arm." Appellant also stated, "I want to hurt you. I know how to hurt you. I swear to god, bitch, if I get out I am putting a needle in your arm, ho * * *" and "I'm going to make you sorry. I can make one phone call and shut this shit down * * *."

3.

{¶ 6} While our review of the record reveals that appellant used far more vulgar and hostile language than set forth above, we believe it unnecessary to quote all of the statements in their entirety.

{¶ 7} Appellant testified that he used that language with his wife out of frustration, anger and hurt while incarcerated with drug addicts. The wife's testimony vacillated between denying any past harm at the hands of her husband and then admitting being afraid of him. However, during trial, when the wife was asked if she ever felt scared for her own safety as a result of the phone calls, she stated, "I mean, that is why I think when he gets out he was going to hurt me." Further, when the wife was asked whether it was obvious that appellant was threatening her during the phone calls, she stated, "Yes. Yeah, it was on the tapes."

{¶ 8} Toledo Police Officer William Noon testified that he is a member of the Gang Task Force and that, through his work with the task force, knew appellant to be a member of the Latin Counts gang. Noon further testified that if an individual testified against a member of the Latin Counts, retaliation and physical harm could result.

{¶ 9} At trial, neither appellant nor his wife contested the admission of the recordings of the graphic telephone conversations. On appeal, appellant refers to some of his statements merely as "colorful language" or "less than desirable dialogue" between a husband and wife. The jury in this case thought otherwise after listening to the recordings.

4.

{¶ 10} Appellant was found guilty of violating R.C. 2921.04(A), which states in relevant part that "[n]o person shall knowingly attempt to intimidate or hinder the victim of a crime or delinquent act in the filing or prosecution of criminal charges * * * and no person shall knowingly attempt to intimidate a witness to a criminal or delinquent act by reason of that person being a witness to that act."

{¶ 11} As to appellant's first assignment of error, when considering whether the state provided legally sufficient evidence to support a conviction, an appellate court must examine all of the evidence admitted at trial and determine whether the evidence, if believed by the trier of fact, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 12} We find that, when viewing the evidence in this case in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of intimidation of a victim or witness to be proven beyond a reasonable doubt.

{¶ 13} As to appellant's second assignment of error regarding manifest weight of the evidence, the Ohio Supreme Court has summarized the standard as follows:

> The court, reviewing the entire record, weighs the evidence and all
>
> reasonable inferences, considers the credibility of witnesses and determines
>
> whether in resolving conflicts in the evidence, the jury clearly lost its way

and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 14} Considering the evidence as summarized above, we cannot say the jury clearly lost its way and created a manifest miscarriage of justice when it found appellant guilty of intimidation of a victim or witness in violation of R.C. 2921.04(A).

{¶ 15} Accordingly, we find appellant's first and second assignments of error not well-taken.

{¶ 16} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. The stay issued by this court on October 20, 2015, is hereby revoked. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.           

_____
JUDGE

Thomas J. Osowik, J.      

Stephen A. Yarbrough, J.    
CONCUR.

_____
JUDGE

_____
JUDGE